UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RANNISHA LIVEIOUS individually as wife of LilDon Williams, and as mother and guardian of R.W., a minor child, ESTATE OF LILDON WILLIAMS By and through its Administratrix, Rannisha Williams, <br><br> Plaintiffs, <br><br> v. <br><br> CAESARS ENTERTAINMENT, INC, EBCI HOLDINGS, LLC, VICI PROPERTIES, ERIC GOLEBIEWSKI, CSI OPERATING COMPANY, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 4:24-cv-00145-TWP-KMB |

**ORDER GRANTING DEFENDANTS' SECOND MOTION TO DISMISS**

This matter is before the Court on Defendant's Caesars Entertainment, Inc., EBCI Holdings, LLC, VICI Properties, Eric Golebiewski, and CSI Operating Company, LLC (collectively, the "Defendants") Second Motion to Dismiss for Lack of Subject Matter Jurisdiction filed pursuant to Federal Rule of Civil Procedure 12(b)(1) (Filing No. 36). Plaintiffs the Estate of LilDon Williams, by and through its administratrix, Rannisha Liveious ("the Estate"), and Rannisha Liveious ("Liveious"), individually as wife of LilDon Williams ("Williams"), and as mother and guardian of R.W., a minor child, (collectively, the "Plaintiffs") initiated this action to assert claims of negligence, wrongful death, and loss of consortium, and other related state law claims against (Filing No. 30). For the reasons explained below, this Court lacks jurisdiction, and the Defendants' Motion to Dismiss is **granted**.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Second Amended Complaint and draws all inferences in favor of Plaintiffs as the non-moving parties. *See Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

On March 17, 2024, Williams was a patron at Caesar's Southern Indiana Hotel & Casino (hereinafter, "The Casino"), where he was tragically shot and killed. (Filing No. 30). Prior to his death, a man named Antwaun Proctor ("Proctor") and another unknown accomplice stalked Williams to the Caesar's premises, with the intention of killing Williams. *Id*. at 6. On March 17, Proctor and the unknown accomplice waited for approximately three (3) hours in the Caesar's parking lot prior to ambushing and shooting Williams. *Id*. Plaintiff's allege "the Defendants made little to no effort to maintain a safe premises in the parking lot" failed to adequately train supervised security guards and Williams's death was caused by, and was the direct, proximate and foreseeable result of, the Defendants' actions and inactions. *Id*. at 7.

Plaintiffs allege this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) which applies in actions when the amount in controversy exceeds $75,000 and in which the plaintiffs and defendants are citizens of different states. *Id.* at 2. The citizenship for both EBCI Holdings LLC and CSI Operating Company, LLC, is in question but the parties are otherwise diverse. *Id.* ¶¶ 5–11.

Defendant EBCI Holdings LLC ("EBCIH") is a for-profit limited liability company ("LLC") formed under the laws of Delaware with its principal place of business in North Carolina (Filing No. 46). The sole member of EBCIH is the government of the Eastern Band of Cherokee Indians (the "Tribe"), a federally recognized Tribal Government located in North Carolina. *Id.* ¶2. There is no parent corporation or any publicly held corporation which owns ten percent or more

2

of the company. *Id.* ¶3. EBCIH's initial disclosure statement incorrectly alleged that it was formed under the laws of North Carolina (Filing No. 15). But on April 22, 2025, EBCIH filed an Amended Rule 7.1 Disclosure Statement clarifying that it was formed under the laws of Delaware and affirming that the sole LLC member is "the government of the Eastern Band of Cherokee Indians." (Filing No. 46).

With leave of Court and over Defendants' objection, Plaintiffs filed a Second Amended Complaint on February 7, 2025 (Filing No. 30). The Second Amended Complaint added CSI Operating Company, LLC ("CSI") as a defendant. *Id.* ¶5. CSI is a limited liability company formed under the laws of Indiana with its principal place of business in Indiana (Filing No. 35 ¶1). The sole member of CSI is EBCIH. *Id.* ¶2. CSI has no parent corporation and no publicly held corporation owns ten percent or more of the company. *Id.* ¶3.

Plaintiffs plead only diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). *Id.* at 2–3. Defendants filed a Second Motion to Dismiss for Lack of Jurisdiction on February 19, 2025 (Filing No. 36). After the Court extended the deadline to respond, Plaintiffs filed their timely Response on April 09, 2025 (Filing No. 43; Filing No. 44).

## II. LEGAL STANDARD

**A.     Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding

whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

### III. **DISCUSSION**

The issue before the Court is to determine whether Plaintiffs have established that jurisdictional requirements have been met. In their Second Motion to Dismiss, Defendants argue that both EBCIH and CSI as unincorporated tribal entities are "stateless" for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) (Filing No. 36). They argue that the presence of a stateless entity precludes complete diversity from being achieved amongst parties therefore diversity jurisdiction is lacking. *Id.* ¶8. Because the sole basis for subject matter jurisdiction is diversity jurisdiction, Defendants argue that the case must be dismissed in its entirety. *Id.* ¶10. The Court agrees.

Plaintiffs respond in opposition by arguing that the Seventh Circuit has previously held that tribal entities are considered citizens of a state pursuant to § 28 U.S.C. 1332 (Filing No. 44 at 2). Specifically, Plaintiffs argue: (1) additional discovery and a hearing are required to determine the ownership structure of EBCIH and CSI; (2) the Tribe and EBCIH are separate legal entities, and no tribe is a party to the case; (3) granting the Motion would mean in practicality that EBCIH

4

cannot be sued in any United States court; and (4) the Seventh Circuit makes no distinction between types of corporations. *Id.* at 5–6.

The Court will first discuss determining the citizenship of the LLCs before addressing how the Seventh Circuit considers unincorporated tribal entities for diversity jurisdiction. Then the Court will address Plaintiffs' remaining arguments.

A.      **Citizenship of an LLC for Diversity Jurisdiction**

For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381–82 (2016); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). "So long as such an entity is unincorporated, we apply our 'oft-repeated rule' that it possesses the citizenship of all its members." 577 U.S. 378 at 383 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)). The citizenship of an unincorporated entity, such as a limited liability company or limited partnership, must be traced through however many layers of partners or members there may be. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003). "[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

1.      **Corporation Versus Limited Liability Company**

In Plaintiffs' Response, they refer to EBCIH as a "corporate entity" and cite to authority on incorporated entities (Filing No. 44 at 9, 7–8). Yet, Plaintiffs fail to proffer evidence of EBCIH's incorporation or cite to anything in the record which suggests EBCIH is a corporation. Despite evidence showing that EBCIH and CSI are LLCs, Plaintiffs effectively ask the Court to treat EBCIH as a corporation (e.g., "[a] similar analysis should apply in this case") (Filing No. 44 at 8).

5

The Court declines to do so. The Supreme Court has rejected attempts to treat entities *similar to* corporations *as* corporations for the purposes of diversity jurisdiction. *United Steelworkers of Am., AFL-CIO v. R. H. Bouligny Inc.*, 382 U.S. 145, 149–51 (1965); *see also Americold,* 577 U.S. at 384 (declining "to apply the same rule to an unincorporated entity that applies to a corporation—namely, to consider it a citizen only of its State of establishment and its principal place of business."). The record shows EBCIH is a for-profit limited liability company and it will be treated as such for the citizenship analysis (Filing No. 30 ¶¶ 9–10; Filing No. 46).

Plaintiffs also allege the Tribe and EBCIH are separate legal entities and no tribe is a party to this case (Filing No. 44 at 5). Because the Court must look to the members of an LLC to determine citizenship for diversity purposes—here, the Tribe as the sole member—that argument is immaterial. Even if EBCIH, as a separate legal entity, "operated a business—primarily for the purpose of funding the business itself and other financial opportunities—in the state of Indiana," it did so while operating as a limited liability company, and the Court cannot apply the jurisdictional rule for corporations to CSI and EBCIH as LLCs. *Id.* As the Supreme Court reaffirmed in *Americold*, "it is up to Congress if it wishes to incorporate other entities into 28 U.S.C. § 1332(c)'s special jurisdictional rule." *Americold*, 577 U.S. at 384.

The sole member of CSI is EBCIH (Filing No. 35). The sole member of EBCIH is the Tribe, a federally recognized Native American Tribe (Filing No. 46). Thus, the citizenship of both EBCIH and CSI as LLCs is the citizenship of the Tribe.

    **2. Management by Kituwah Economic Development Board**

In their Response, Plaintiffs provide new information about the management structure of LLCs owned by the Tribe (Filing No. 44 at 3). According to municipal code, the LLCs are managed by the Kituwah Economic Development Board. *Id.*; Eastern Band of Cherokee Indians Tribes and

6

Tribal Nations, N.C. Code of Ordinances § 55B-3.1 (2024). Plaintiffs contend this additional information means "we face a critical crossroads in this case: either the tribe stands as the sole member of these companies, or their membership is comprised of individuals who serve on the Economic Development Board." (Filing No. 44 at 4). But Defendants have consistently maintained, both in their Second Motion to Dismiss and their Rule 7.1 Disclosures, that the Tribe is the sole member of the companies (Filing No. 37; Filing No. 46 ¶ 2). CSI is "wholly owned" by EBCIH and EBCIH is "wholly owned" by the Tribe (Filing No. 37 at 10). There is no evidence or reason to consider the Kituwah Economic Development Board as members of the companies.

Plaintiffs allege without evidence that because of the code the Tribe does not "retain ownership" of the LLCs that it owns (Filing No. 44 at 3). The cited code section discusses management not ownership. Plaintiffs properly assert that under the code it appears that the Tribe does not retain LLC management. *Id.* But their claim that "[i]f the Economic Development Board indeed functions as the managing representative of the EBCI concerning these companies, as the Municipal Code suggests, then the membership will likely consist of those individuals" reflects a fundamental misunderstanding of the possible management structures of LLCs. Under Indiana law, an LLC may be managed by its members or by an appointed manager or managers and unless otherwise provided in a written operating agreement, the appointed managers do not need to be members of the LLC. *See* Ind. Code § 23-18-4-1. North Carolina's laws similarly allow non-members to be designated as managers of an LLC. *See* N.C. Gen. Stat. § 57D-3-20. Proof of management authority does not change the membership of the LLCs, nor does it change the analysis of citizenship for diversity jurisdiction.

7

This information does not call into question Defendants' assertion that the sole member of EBCIH and therefore CSI is the Tribe. For the citizenship analysis for each LLC, the Court will use the Tribe's citizenship.

B.      **Unincorporated Tribal Entities Citizenship for Diversity Jurisdiction**

Defendants argue that the Seventh Circuit has not addressed the specific question of how unincorporated tribal entities are to be treated compared to incorporated tribal entities, but "strongly indicated that this key distinction would have altered its analysis, and the outcome in *Wells Fargo*." (Filing No. 37 at 7 (citing *Wells Fargo Bank, Nat'l Ass'n v. Lake of Torches Econ. Dev. Corp.*, 658 F.3d 684 (7th Circ. 2011))). Plaintiffs dispute that claim, arguing that the Seventh Circuit previously decided the issue of diversity jurisdiction with a tribal company and that it makes no distinction between types of corporations (Filing No. 44 at 6). But Plaintiffs overextend the holding in that case. *Wells Fargo* held that a *corporation* chartered under Native American tribal law should be treated as a citizen of a state pursuant to § 1332(c)—not all tribal companies.[1] 658 F.3d at 694 (emphasis added). Contrary to Plaintiffs' assertion of a clear precedent, the Seventh Circuit has not yet decided the issue of citizenship of an LLC whose sole member is a Tribe (Filing No. 44 at 8).

Still, *Wells Fargo* provides insight. In reaching its holding on corporations in *Wells Fargo*, the Seventh Circuit analyzed an Eighth Circuit case holding that an unincorporated school board operated by an Indian tribe was not a citizen of a state, and a First Circuit case, indicating that an *unincorporated* "stateless" tribal entity, if it were a corporation, would not have been "stateless" under the diversity statute. *Id.* at 693 (citing *Auto-Owners Ins. Co. v. Tribal Ct. of the Spirit Lake*

---

[1] Defendants' argument that the Seventh Circuit does not distinguish between types of corporations is misplaced. The companies here are LLCs, and while this case might not distinguish between types of corporations, the holding certainly distinguishes incorporated from unincorporated companies which is determinative.

8

*Indian Rsrv.*, 495 F.3d 1017, 1021 (8th Cir. 2007); *Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21 (1st Cir. 2000)). The Ninth Circuit similarly held that unincorporated tribal entities are stateless. *Am. Vantage Cos. v. Table Mountain Rancheria*, 292 F.3d 1091, 1098 (9th Cir. 2002) ("The casino, as an unincorporated arm of the tribe, also is a stateless entity."). This Court follows the majority of courts that have decided this issue and concludes that unincorporated Native American tribal entities are not citizens of any state for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See e.g.*, *CTGW, LLC v. GSBS, PC*, No. 09-cv-667-bbc, 2010 U.S. Dist. LEXIS 69298 (W.D. Wis. July 12, 2010).

Because the only alleged basis for subject matter jurisdiction is the diversity statute and this Court lacks jurisdiction over "stateless" citizens, there is no subject matter jurisdiction. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021) (explaining that "stateless citizens— because they are not (by definition) a citizen of a state, as § 1332(a) requires—destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff.").

The Tribe's statelessness must be attributed to EBCIH and CSI therefore this case must be dismissed for lack of subject matter jurisdiction. A dismissal for lack of subject matter jurisdiction is without prejudice. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 969 (7th Cir. 2016).

### C.     **Plaintiffs' Public Policy Argument**

Plaintiffs argue that coupled with the Tribe's history of asserted sovereign immunity defenses in state court, Defendants' defense in federal court effectively shields EBCIH from suit in any court in the country ([Filing No. 44 at 5](#)–6). Plaintiffs' argument fails. The Tribe's sovereign immunity is not at issue here. As Plaintiffs point out no tribe is a party to the case, so their review of a non-party's state court defenses is not convincing. Besides, public policy concerns cannot overcome this Court's lack of jurisdiction.

D. **Plaintiffs' Request for a Hearing and Additional Discovery**

As a final matter, Plaintiffs request a hearing and additional discovery on this issue, and insist it is premature for the Court to rule on this Motion (Filing No. 44 at 5). Plaintiffs admit that "[a]t this juncture, scant information is available about the actual ownership" of EBCIH and CSI. *Id.* at 4. They maintain that they "have been kept in the dark regarding the intricate ownership structure" of the Defendants, CSI, and EBCIH and that Defendants' "failure to attach any verifiable ownership documentation to their mentions raises alarms about their transparency" (Filing No. 44 at 3–4). They claim it is "necessary that the Court be presented with additional evidence of the ownership structure of each company" and request a hearing to "thoroughly explore and resolve the underlying issues of citizenship and ownership" for both EBCIH and CSI. *Id.* at 5, 9.

But as the party seeking to assert this Court's jurisdiction, Plaintiffs carry the burden of establishing that subject matter jurisdiction exists by competent proof. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *see also Sapperstein v. Hager*, 188 F.3d 852 (7th Cir. 1999). It appears Plaintiffs could not carry that burden at the time it filed its Second Amended Complaint, and still cannot carry it. Plaintiffs therefore should not have initiated this action in federal court. The Court has previously admonished plaintiffs not to invoke diversity jurisdiction before determining whether the parties are diverse. *See Eures v. Havenpark Mgmt.*, No. 4:23-cv-184, 2024 WL 1374766 (S.D. Ind. Apr. 1, 2024). The "intricate" ownership structure does not excuse Plaintiffs' failure to adequately allege jurisdiction in its Complaint.[2] *See Galaxy Precision Mfg., Inc. v. Grupo Indus. San Abelardo S.A. de C.V.*, No. 21-cv-84, 2022 U.S. Dist. LEXIS 99470, at *5–6 (N.D. Ill. June 3, 2022) ("The Supreme Court and the Seventh Circuit have acknowledged that the burden of

---

[2] In addition to admitting they have "scant information" about EBCIH's ownership, Plaintiffs' Second Amended Complaint contains insufficient citizenship allegations for CSI. It fails to identify the LLC's members and their citizenship (Filing No. 30). The Court looks beyond the allegations and relies on the 7.1 Disclosure Statement of CSI to determine citizenship (Filing No. 35).

establishing diversity can be a heavy lift . . . . [t]his recognition, however, does not obviate the obligations the parties have to the Court before filing their pleadings and motions."). It is not the Court's obligation to "thoroughly explore" citizenship in a hearing, it was the Plaintiffs' obligation before filing.

Plaintiffs allege that EBCIH's failure to rectify the error that the LLC was formed and is registered in Delaware rather than North Carolina undermines the integrity of their ownership claims. *Id.* at 4. While EBCHI should have ensured their Rule 7.1 Disclosure Statement was correct before filing, they filed an amended disclosure correcting the information, thus the argument is moot. Moreover, the corrected information regarding the LLC's state of organization did not alter the citizenship analysis because the citizenship of its members did not change.

"The lack of complete diversity between the parties is not a pleading defect, it is a fact that cannot be overcome and one that means the absence of subject matter jurisdiction cannot be cured by more jurisdictional discovery or by further amendment of the pleadings." *Galaxy*, 2022 U.S. Dist. LEXIS 99470, at *9. Plaintiffs' request for a hearing and additional discovery is **denied**.

## IV. CONCLUSION

For the reasons explained in this Order, the Defendants' Second Motion to Dismiss (Filing No. 36) is **GRANTED**.[3] The claims in Plaintiff's Second Amended Complaint are **DISMISSED without prejudice** for lack of subject matter jurisdiction (Filing No. 30).

Final judgment consistent with this Entry will issue under separate Order.

**SO ORDERED.**

Date: 7/18/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[3] See also the *Estate of Michelle Kelley et. al. v. Caesars Entertainment, Inc. et. al.*, Case Number 4:24-cv-00149-SEB-KMB at Dkt. 43.

Distribution:

Camry Kelsey
Murphy and Associates PLC
ckelsey@louisvillefirm.com

James H. Milstone
Kopka Pinkus Dolin, P.C.
jhmilstone@kopkalaw.com

Gregory Dean Simms
Murphy and Associates, PLC
greg@attorneysimms.com

Justin Gregory Wyss
Kopka Pinkus Dolin, P.C.
jgwyss@kopkalaw.com